Jack R. Finnegan
871 Avenida Acapulco
San Clemente, CA 92672
949-492-3837
Plaintiff, pro se



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 2 3 2021

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# {BANKRUPTCY PROCEEDURE 28 USC §§157(d), 1334, 1452(a)}

In re JACK RICHARD. FINNEGAN
    Debtor in Possession 0824

8 : 21 - CV - 01248 - MWF

Case No. **8:18-bk-10762-TA**

Chapter 11 Individual, Reorganization

**MOTION TO WITHDRAW CASE
UNDER 11 USC, PURSUANT TO
28 USC §157(d) FOR CAUSE SHOWN
MEMORANDUM OF POINTS AND
AUTHORITIES, VERTIFICATION
OF JACK R. FINNEGAN**

**NO HEARING REQUIRED
PURSUANT BANKRUPTCY RULE
1001 AND LOCAL BANKRUPTCY
1001-1(a) AND 1001-1(b)(1)(2)(3).**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jack R. Finnegan, Debtor in Possession, respectfully submits this Motion for Withdrawal.

The United States Supreme Court pursuant to 28 USC §§2072, 2075 has authority to set Rules in both the District Courts, the Bankruptcy Court and all Courts of the United States, and this is also confirmed by the Rules Enabling Act adopted by the Congress of the United States.

-1-
Motion for Withdraw

1

2    **Bankruptcy Rule 1001**, states as follows, "The Bankruptcy Rules and Forms

3    govern procedure in cases under Title 11 of the United States Code." The Rules

4    shall be cited as the Federal Rules of Bankruptcy Procedure and the Forms as the

5    Official Bankruptcy Forms. These rules shall be construed to secure the just, speedy,

6    and inexpensive determination of every case and proceeding, the **Rules of the**

7    **District Court are therefore superseded by the Bankruptcy Rules.**

8    The Advisory Committee Notes, allowed by the United States Supreme Court,

9    pursuant to Rule 1, of the Federal Rules of Procedure. "Section 247 of Public Law

10   95-598, Stat. 2549 amended 28 USC §2075 by omitting the last sentence. The effect

11   of the amendment is to require that procedural rules promulgated pursuant to 28 USC

12   §2075 be consistent with the bankruptcy statute, both titles 11 and 28 USC. Thus,

13   although Rule 1001 sets forth the scope of the bankruptcy rules and form, any

14   procedural matters contained in title 11 with respect to cases **filed under 11 USC**

15   **would control.**

16   From their effect date these rules and forms are to be applicable in cases filed

17   under chapters 7, 9, 11 and 13 of Title 11 Code, regardless of whether the court

18   established by the Bankruptcy Act or by 28 USC §151. Rule 9001 contains a broad

19   and general definition of "bankruptcy court," "court" and "United States Bankruptcy

     Court" for this purpose.

20
     "Bankruptcy Code" or "Code" as used in these rules means Title 11 of the
21
     United States Code, the codification of the bankruptcy law. Public Law 95-598,
22
     §101.
23
     Rule 5011(a) Withdrawal and Abstention from Hearing a Proceeding states, "**A**
24
     **motion for withdrawal of a case or proceeding shall be heard by a district**
25
     **judge."**
26

27                                           -2-
                                      Motion for Withdraw
28

"Bankruptcy Act" as used in these rules means the Bankruptcy Act of 1898 as amended, which was repealed by §401(a) of Public Law 95-598.

**These rules apply to all cases filed under the 11 USC Code except as otherwise specifically stated.**

Local Bankruptcy Rule 1001-1(a) and Local Bankruptcy Rule 1001-1(b)(1)(2)(3) are specific in their application.

This submittal to this court fully complies with Local Bankruptcy Rule 9013-1(q)(9), **[Motions and Matters Determined without Additional Notice and without a Hearing]** and Local Bankruptcy Rule 3001-1(a).

The Request for Withdrawal 28 USC §§157(d), 1334(a)(b), 1367(a), 1658 and 2075, is a statutory right granted by a filing requesting it.  Denial of this Request also constitutes a violation of the United States Constitutional; guaranteed Right, of the Fourth and Fifth Amendments, as well as Article III Sections 2[1] and Article III Sections 2[2], of the United States Constitution, as well as numerous California Constitutional guarantees, not listed here.

## CONCLUSION

For all the above stated reasons it is prayed that the Court will provide an Order pursuant to the Proposed Order presented, and **in compliance with Ninth Circuit General Order 310-B(1)(A)(i) and 310-B(3)(A)(B).**


Date: July 23, 2021


Jack R. Finnegan

-3-
Motion for Withdraw

## MEMORANDUM AND POINTS OF AUTHORITIES

1.   The Inferior Officer (U. S. Government designation not appointed by the President or confirmed by the Senate), T. Albert was disqualified under 28 USC §455, the Official Court docket and documents (hereinafter Doc.), (Doc #92) on June 1, 2018, and Bankruptcy Rule 5004 and General Order 224(4).  See Doc. 95, 112, 127, 143 and 151.  This disqualification was based on The Inferior Officer refusal to comply with United States laws Titles 11 USC §§102(1)(A)(B), Rules of Construction, 103(g), Applicability of Chapters, 105(a), Power of the Court, 362(d), 1104(a)(1)(2)(A)(B), Appointment of Trustee, 11 USC 1112(b)(1), Conversion or Dismissal.

2.   The Inferior Officer has **refused** to recuse himself and is now in **contempt** of a **United States Supreme Court Mandate**.  See, *Liteky v. United States*, 114 S. Ct. 1147, 1162 (1994), the United States Supreme Court mandated, Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality.  If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge **must** be disqualified.

3.   Under Canon 3E of the Code of Judicial Ethics, a judge must disqualify himself where disqualification is required by law, 28 USC §455(a).  Bankruptcy Rule 5004, "a bankruptcy judge shall be governed by 28 USC §455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case."  The Inferior Officer is now in contempt of all of the above Statutes and Rules promulgated by the United States Supreme Court.  The Code governs the conduct of judges and judicial candidates and is binding upon them.

-1-

4. The exigent question is "why," in the face of overwhelming evidence (over 100 violations of 11 USC Code, 18 USC Code, 28 USC Code, 42 USC Code and Bankruptcy Rules) to support a disqualification.

5. Inferior Officer's **do not have discretion not to disqualify themselves.** By law, they are bound to follow the law. Should he not disqualify himself as required by law, then he has given another example of his impartiality which further disqualifies the Inferior Officer. Courts have repeatedly held that positive proof of partiality is not a requirement, only the **appearance of partiality**. *Liljeberg v. Health Services Acquisition Corp.*, 486, U. S. 847, 108 S. Ct. 2194 (1988). It is a fundamental right of every litigant to a fair and impartial proceeding.

6. Should an Inferior Officer not disqualify himself, then the Inferior Officer is in violation of the Due Process Clause of the United States Constitution. The Court in *United States v. Seiuto*, 521 F.2d 842, 845 (7th Cir. 1996) held: "The right to a tribunal free from bias or prejudice is based, not on 28 USC (8455 and BKR 5004), but on the Due Process Clause."

7. Refusal to disqualify himself is an act of willful misconduct and violation of the public trust. Under California law willful misconduct is sufficient to warrant discipline means "unjudicial conduct that a judge acting in his judicial capacity commits in bad faith … 'Bad faith' on the part of a judge entails *either* an intent, motivated by actual malice, to commit an act that he or she knows or should know is beyond his or her lawful power *or* an intent to commit an act, even within his lawful purpose, i.e., for any purpose other than the faithful discharge of judicial duties." *Doan v. Commission on Judicial Performance* (1995) 11 C.4th 294, 45 C. R.2d 254, 902 P.2d 272.

8. General Order 224(4) of the Central District for the United States District Court, for the Ninth Circuit Assignment of Case and Duties to Judges, Motion to Disqualify a Judge, states, "If a motion is made to disqualify a judge in any civil case assigned to the judge pursuant to this General Order, the motion shall be referred to the Clerk for assignment to another judge in the same manner as cases are assigned pursuant to this General Order. The judge to whom the motion is assigned shall promptly determine whether the motion is timely filed and is legally sufficient to require a hearing on the disqualification. If the judge determines that the motion is not timely filed or that the motion is legally insufficient, the motion will be denied and the case shall proceed as originally assigned. If the judge determines that the motion is timely and legally sufficient, the matter will be set down for a hearing or other determination at the earliest time practicable. **The judge against whom the motion has been filed shall not proceed with the case** until the motion has been heard and determined by a **District Judge**."

9. An Order of August 3, 2018, Denying Disqualification, is an **adversary proceeding** governed by FRBP 7001, 7003, 7004, 7005, 7007, 7008, and 7010. The non-core Order by Inferior Officer Scott Clarkson, was in violation with 28 USC Code §157(b)(1), and §157(c)(1), was willful misconduct and bad faith. The Order was also in violation of 28 USC Code §§455, and General Order #224(4). The Order was completely erroneous and **nugatory**.

10. The distinction between core and non-core adversary proceedings is that the bankruptcy court may not enter a final judgment in any adversary proceedings that relates to the bankruptcy case. The bankruptcy court may only hear the adversary proceedings on the merits and is obligated to submit a report and recommendation

-3-

of proposed findings of fact and proposed conclusions of law. **The District Court, after reviewing the report, must enter a final judgment or order, de novo.**

11. Rule 5004(a) Disqualification states, "A bankruptcy judge shall be governed by 28 USC §455, **and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case.**

12. 28 USC §455 Disqualification of justice, judge, or magistrate states, "(a) **Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.** (b) He **shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party,** or personal knowledge of disputed evidentiary facts concerning the proceeding;…"

13. Advisory Committee Notes 1985 Amendments states, "Subdivision (a) was affected by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Public Law 98-353, 98 Statute 333. The 1978 Bankruptcy Reform Act Public Law 95-598, included bankruptcy judges in the definition of United States judges in 28 USC §451 and they were therefore subject to the provisions of 28 USC §455. **Disqualification of a bankruptcy judge is governed by 28 USC §455. That section provides that the judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned or under certain other circumstances. It is possible, however, that even if the disqualifying circumstances arise in connection with an adversary proceeding (proceeding includes pretrial, trial, appellate review, or other stages of litigation) the effect will be so pervasive that disqualification from presiding over the case is appropriate.**

-4-

14. Pursuant to 28 USC Code §157(c)(1) non-core proceeding requires, "that a bankruptcy judge shall submit proposed findings of fact and conclusions of law to the District Court, and **any final order or judgment shall be entered by the district judge**...after reviewing de novo those matters...." This requirement of 28 USC §157(c)(1) was never judicially taken to this date, therefore all rulings of the inferior officer since June 1, 2018, were error of law, illegal and nugatory, resulting in a miscarriage of justice and were in violation of the 5th and 14th Amendments of the United State Constitution.

15. Advisory Committee Notes 1985 Amendments states, "the distinction is consistent with the definition of proceeding in 28 USC §455. Subdivision (b) precludes a bankruptcy judge from allowing compensation from the estate to a relative or other person closely associated with the judge. If the attorney or accountant is a relative of or associated with the bankruptcy judge, the judge may not allow compensation to the attorney or accountant. The word **associated** in subdivision (b) has been changed to **connected** in order to conform with Rule 5002(b)."

16. **The court has no jurisdiction in the case** based upon disqualification. The Official Record authenticates the violations of United States and California Constitutions and Federal Law 11 USC Code, 18 USC Code, 28 USC Code, and 42 USC Code and California State Laws. No governmental authority or an **inferior officer** acting on behalf of a governmental authority, shall engage in a pattern or practice of conduct that deprives any person of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States or by the Constitution or laws of California. This behavior constitutes actual malice.

17. The Inferior Officer has violated numerous procedural Rules of 11 USC Code, specifically Rule 9014(a)(b), Rule 7004(a)(1), Rule 7004(b)(1), 9006(d), LBR 7004-1(a) and FRCivP Rule 3, 4, 5, and 7, **and as required by law the selection of a trustee is an adverse proceeding**, acted inconsistent with Constitutional Due Process and Equal Protection clauses, or otherwise acted beyond the powers granted to him under the law, a clear usurpation of judicial power.  See Doc. # 85, 86, 89.

18. The illegally appointed trustee had no legal authority to take any action and any actions taken by the illegally appointed trustee are **Invalid, Void, and legal nullities.** See Doc. # 97, 108, 109, 114, 116, 124, 132, 134, 143, 144, 150, 164, 202, 203, 214, 225, 226, 228, 230 – 235, 237, and 238, 257, 258, 260, and 261.

19. When a debtor files a petition seeking relief, the debtor receives an automatic stay and ultimately the right to discharge.  Under Chapter 11, §1129(a)(1)(2)(3)(4) the exclusivity period ensures that the bankruptcy case is the debtor's show.  11 USC §1104(a) requires *"on a request of a party in interest"*.  There was no request by a party in interest anywhere in the Official Court Record that there be an appointment of trustee, an **adverse proceeding**.  11 USC §1104(a) requires *"after notice"*.  The Official Court Record illustrates that there was no Notice of this requirement.  11 USC §1104 requires(a) *"after a hearing"*.  The Official Court Record illustrates that there was no Hearing held for this requirement.  A violation of this provision of the Statute is a violation of the Fifth and Fourteenth Amendments of the United States Constitution.

20.  11 USC §1104(a)(1) requires *"for cause, including fraud, dishonesty, incompetence, or gross mismanagement of  the affairs of the debtor by current management".*  The Official Court Record illustrates that there was no for Cause of this requirement.  A violation of this provision of the Statute is a violation of the Fifth and Fourteenth Amendments of the United States Constitution.

-6-

21. The Order authorizing converting the case of Chapter 11 to Chapter 7 is a violation of the Fifth, and Fourteenth Amendments of the United States Constitution. This action by Inferior Officer demonstrates harassment, improper purpose and retaliation by a Federal Judge (Inferior Officer). See Doc. 172, 173, 177, 192, 195, 198, and 199.

22. All of the Inferior Officer Orders are void and a product of fraud and deceit and in violation of USC 11 Code and has absolutely no merit. The only purpose of these Orders is to, vex, harass, and to engage in other acts of malice.

23. The case is in violation of 11 USC §1112(a) and local rule LBR 1017-1(a)(3) which states, "Conversion from chapter 11 to another Chapter. A debtor **must request** conversion under 11 USC §1112(a) by a motion filed and served as required by FRBP 9013, and may be ruled on **with Notice**, but without a hearing pursuant to LBR 9013-1(p)(2)."

24. The case is in violation of 11 USC §1112(b)(1)(2)(A)(B)(i)(ii) which states in part, "**On request of a party in interest, and after notice and a hearing,** …best interests of creditors and the estate, … (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, …." **establishing that converting or dismissing the case is not in the best interests of creditors and the estate, …."**

25. 11 USC 1112(a) Conversion or Dismissal states, "The **debtor** may convert a case under this chapter to a case under chapter 7 of this title unless— (1) the debtor is not a debtor in possession; (2) the case originally was commenced as an involuntary case under this chapter; or (3) the case was converted to a case under this chapter other than on the debtor's request.

-7-

26. Nothing in 11 USC §1112(a) grants the court any authority to convert a case. Only the debtor is so authorized and then only if all of the three provisions are complied with. This is another example where the court is restricted by law from acting arbitrarily.

27. 11 USC 1112(b)(1) states, "Except as provided in paragraph (2) and subsection (c), **on request of a party in interest, and after notice and a hearing,** the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, **whichever is in the best interests of creditors and the estate, for cause** unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

28. The conditions set forth in 11 USC 1112(b)(1), are prohibiting the court from converting the case on several points of law. The first is **there must be a request by a part in interest**, there must be a **notice** and there must be a **hearing**. The second point of law is that the conversion **must be in the best interest of creditors and the estate,** and the third under 1104(a) there must be **fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor by current management.**

29. 1978 Acts Statutory Notes, states, "Subsection (b) gives wide discretion to the court to make appropriate disposition of the case sua sponte or **upon motion of a party in interest,** or the court is permitted to convert a reorganization case to a liquidation case or to dismiss the case, whichever is in the best interest of creditors and the estate, **but only for cause. Cause may include the continuing loss to or diminution of the estate of an insolvent debtor, the absence of a reasonable likelihood of rehabilitation, the inability to effectuate a plan, unreasonable delay by the debtor that is prejudicial to creditors, failure to file a plan within the**

appropriate time limits, denial of confirmation and any opportunity to modify or propose a new plan, revocation of confirmation and denial of confirmation of a modified plan. Inability to effectuate substantial consummation of a confirmed plan, material default by the debtor under the plan, and termination of the plan by reason of the occurrence of a condition specified in the plan.... **The power of the court to act sua sponte should be used sparingly and only in emergency situations.**

30. 11 USC 1112(b)(2) states, "The court **may not convert a case** under this chapter to a case under chapter 7 **or dismiss a case** under this chapter if the court finds and specifically identifies **unusual circumstances establishing that converting or dismissing the case is not in the best interest of creditors and the estate,** and the **debtor** or any other party in interest establishes that— (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply,, within a reasonable period of time; and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.

31. 11 USC 1112(b)(3) states, "The court shall commence the hearing on a motion under this subsection not later than 30 days **after filing of the motion,** and shall decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph."

-9-

32. 11 USC 1112(b)(3) clearly states that **there must be a motion filed by a party in interest before the court can take any action regarding converting a case or dismissing a case under this section of the code.**

33. The 1978 Acts Notes, goes even to a greater extent of clarity by stating, **"Subsection (e) reinforces section 109 by prohibiting conversion of a chapter 11 case to a case under another chapter proceeding under which the debtor is not permitted to proceed. Senate Report No. 95-989."**

34. **11 USC 1112(f) states, "Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter."**

35. The case is in violation of 11 USC §1112(a) and local rule LBR 1017-1(a)(3) which states, "Conversion from chapter 11 to another Chapter.  A debtor **must request** conversion under 11 USC §1112(a) by a motion filed and served as required by FRBP 9013, and may be ruled on without a hearing pursuant to LBR 9013-1(p)."

36. The conditions set forth in 11 USC 1112(b)(1), are prohibiting the court from converting the case on several points of law.  The first is **there must be a request by a part in interest,** there must be a **notice** and there must be a **hearing.**  The second point of law is that the conversion **must be in the best interest of creditors and the estate,** and the third under 1104(a) there must be **fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor by current management.**

37. It is clear that 11 USC 1112(b)(2) prohibits the court from converting the case or dismissing the case under this section for any reason **except for cause** as listed under subsection (4) of this section.

-10-

38. Numerous Orders Granting Rule 2004 Examination of Debtor was in violation of Rule 2004 in that there **existed no party in interest** and no mandatory form F9013-1.1 Hearing Notice was filed in the Official Record. No mandatory form F9013-1.2 Notice of Motion for Order Without Hearing LBR 9013-1(p) or (q) was filed in the Official Record. The Order was in violation of LBR 2004-1 there was no conference to arrange for a mutually agreeable date, time, place, and scope of an examination. LBR 2004-1(a) requires **(in person or telephonically)** contact, not a letter.

39. The motion **must** also explain why the examination cannot proceed under FRBP 7030 or 9014. The Motion did not address without a hearing pursuant to LBR 9013-1(p). Any Order is also a **void** Order because the Order stated that the trustee was a Chapter 7 trustee when the case was still a Chapter 11 Case. No one but the Debtor can convert the case except by the Debtor pursuant to the following 11 USC Code and Rules of Procedures. 11 USC §348, 11 USC §1112 et al, BK 1019(1), BK Rule 9013, LBR 1006-1(a).

40. Disobedience to Federal Law carries severe consequences for those individuals receiving salaries from the United States Government and can lead to penalty of felony Administrative, and other penalties and career ending and as government employees the results of any investigation will forever remain on your employment record.

41. The inferior officer has violated the statutory provisions of 11 USC, §1112(b)(1) by granting an Order converting the case of Chapter 11 to Chapter 7 on September 14, 2018, **by law only the Debtor can convert.** The request **was not made by a party in interest** as required by §1112(b)(1). There was **no notice or hearing held**

-11-

court is permitted to order the appointment of one trustee at any time after the commencement of the case **if a party in interest so requests."** "The court may order appointment only if the protection afforded by a trustee is needed and the costs and expenses of a trustee would not be disproportionately higher than the value of the protection afforded." "The protection afforded by a trustee would be needed, for example in cases where the current management of the debtor has been fraudulent or dishonest, or has grossly mismanaged the company, or where the debtor's management has abandoned the business." "The second test, relating to the costs and expenses of a trustee, is not intended to be a strict cost/benefit analysis. It is included to require the court to have due regard for any additional costs or expenses that the appointment of a trustee would impose on the estate." **The Bankruptcy Code 11 USC defines a party in interest to include the debtor, the trustee (if legally appointed), and creditors, it does not include a Bankruptcy Judge.**

42. 11 USC 102(1)(A)(B), RULES OF CONSTRUCTION, (1) states "after notice and a hearing. Or similar phrase—" (A) "means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but (B) authorizes an act without an actual hearing if such notice is given properly and if —. The Supreme Court has ruled, must be given an opportunity to be heard. Denial of a hearing is denial of due process.

43. 11 USC 105(a), "The court may issue any order, process, or judgment that is **necessary or appropriate to carry out the provisions of this title**...OR TO PREVENT AN ABUSE OF PROCESS. (B) in a case under chapter 11. of this title— (i) sets a date by which the debtor, or trustee if one has been appointed, shall file a disclosure statement and plan; (ii) sets a date by which the debtor, or trustee if

-12-

one has been appointed, shall solicit acceptances of a plan; (iii), (iv), sets a date, (v) fixes the scope and format of the notice... (vi) provides that a hearing... NONE OF THESE PROVISIONS WERE MET.

Statutory Notes (1978) Acts, POWER OF COURT, "The bankruptcy judge is prohibited from appointing a receiver in a case under title 11 under any circumstances.

44. Under the Statute 11 USC §1104 a trustee can be appointed in a chapter 11 case **but the appointment requires appropriate motions by creditors or other parties in interest**. The Statute 11 USC §1104, is the law and the conditions of appointing a trustee are very precise and states, "At any time after the commencement of the case but before confirmation of a plan, **on request of a party of interest ...and after notice and a hearing,** the court shall order the appointment of a trustee—" **No creditor or other parties in interest filed** such a motion and no hearing was recorded on the official docket. The law does not say that the court can without these specific provisos appoint a trustee, this action by the court was unconstitutional and not a faithful execution of the law; it was an absolute showing of bias and prejudice. The Statute 11 USC §1104 has its genesis in the "Bill of Rights" and the 4th, 5th, 6th, and 14th Amendments to the United State Constitution as well as several Articles of the California Constitution.

45. 11 USC 1104 Appointment of trustee, **a contested matter**, for cause including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor.

46. 11 USC 1104 Appointment of trustee, 1978 Acts, States, "if the appointment would serve the interest of the estate and security holders." "The court is permitted

-13-

to order the appointment of one trustee at any time after the commencement of the case **if a party in interest so requests."** "The court may order appointment only if the protection afforded by a trustee is needed and the costs and expenses of a trustee would not be disproportionately higher than the value of the protection afforded." "The protection afforded by a trustee would be needed, for example in cases where the current management of the debtor has been fraudulent or dishonest, or has grossly mismanaged the company, or where the debtor's management has abandoned the business." "The second test, relating to the costs and expenses of a trustee, is not intended to be a strict cost/benefit analysis.  It is included to require the court to have due regard for any additional costs or expenses that the appointment of a trustee would impose on the estate."

47. 11 USC 1112(b)(1) 1978 Acts, "This subsection gives discretion to the court**...** **but only for cause...** Cause may include the continuing loss to or diminution of the estate of an insolvent debtor, (Not so), the absence of a reasonable likelihood of rehabilitation, (Not so), the inability to effectuate a plan, (Not so), unreasonable delay by the debtor that is prejudicial to creditors, (Not so), failure to file a plan within the appropriate time limits, (Plan has timely been filed), denial of confirmation and any opportunity to modify or propose a new plan, (Not so), revocation of confirmation and denial of confirmation of a modified plan, material default by the debtor under the plan, (Not so), and termination of the plan by reason of the occurrence of a condition specified in the plan (Not so),.  The list is not exhaustive.  **The power of the court should be used sparingly and only in emergency situations.**

-14-

48. The motion **must** also explain why the examination cannot proceed under FRBP 7030 or 9014. The Motion did not address without a hearing pursuant to LBR 9013-1(p). Any Order is also a **void** Order because the Order stated that the trustee was a Chapter 7 trustee when the case was still a Chapter 11 Case. No one but the Debtor can convert the case except by the Debtor pursuant to the following 11 USC Code and Rules of Procedures. 11 USC §348, 11 USC §1112 et al, BK 1019(1), BK Rule 9013, LBR 1006-1(a).

49. Disobedience to Federal Law carries severe consequences for those individuals receiving salaries from the United States Government and can lead to penalty of felony Administrative, and other penalties and career ending and as government employees the results of any investigation will forever remain on your employment record.

50. The inferior officer has violated the statutory provisions of 11 USC, §1112(b)(1) by granting an Order converting the case of Chapter 11 to Chapter 7 on September 14, 2018, **by law only the Debtor can convert**. The request **was not made by a party in interest** as required by §1112(b)(1). There was **no notice or hearing held** as required by §1112(b)(1). It was not in the best interest of the creditors and the estate because **there are no valid creditors** as required by §1112(b)(1). These stated facts of Debtor's case establish the provisions of the Statute 11 USC §1112(b)(2), "unusual circumstances", a certain standard by anyone within knowledge of the facts, substantiating an implied duty of good faith.

51. The inferior officer has violated the statutory provisions of 11 USC, §362(d) by granting a Motion for Relief to movant from the Automatic Stay on August 28, 2018. Doc. #181. The request **was not made by a party in interest** as required by

-15-

§362(d), and is in violation of §§362(a)(3), 362(c)(1), 362(c)(3)(B), 362(c)(3)(C), 362(d)(1), 362(d)(2)(A)(B), and 362(g)(1). The request was made by a disinterested person in violation of 11 USC §101(14), and in violation of 11 USC §§105(a), 105(c). See Doc. # 138, Claim withdrawn, July 24, 2018, 143 – 148.

52.   The Motion filed on July 18, 2018, Doc. #145, by an individual who has absolutely **no standing**, pursuant to the United States Constitution, Article III Section 2[1][2], the sole purpose is to defraud the estate, and interfere with the orderly administration of justice.   An individual who has engaged in constant interference with the proceedings pursuant to 11 USC Code. This individual filed false claims in violation of 11 USC §§501(a), 502(a), 502(b)(1), and is in violation of 11 USC §541(a)(1), 558, 1107, 1111(a), and 1115(b).

53.   The Motion is made in violation of the United States and California Constitutions, i.e. Fifth and Fourteenth Amendments, and Article I, Sections, 1, 3(b)(3), 3(4), 7(a), 13, 15, 19(a), 24, 26, 28(e), and Article 3, Section 1.

54.   The assertions alleged are completely false and without any evidence in support of required burden. The Motion contains only opinions not facts and is in violation of several sections of 11 USC Code, as stated above.

55.   *In re Luna*, 122 B.R. 575 (9th Cir. BAP 1991) held that §109(g) was not jurisdictional, that mechanical application of this section was inappropriate where doing so would produce an illogical, unjust, or capricious result. Since §§109(c) and (h) are similar in language and intent, it stands to reason that the standard set out in Luna is applicable to §109(h). See Doc. # 41, 83, 152.

56.   The Historical and Statutory Notes allowed under Federal Rules of Civil Procedure Rule 1, are as follows:  1978 Acts Subsection (a) of this section requires anyone (**an entity) holding property of the estate**.... Subsection (b) of this section

-16-

requires an **entity** that owes money to the debtor..... Subsection (c)(d)(e) of this section are not applicable to this case.

57. **Section 542 of 11 USC Code** does not allow anyone to take possession of real property from the debtor. That unconscionable Order is in violation of the above quoted **vested rights** of both Constitutions, and amounts to a **Taking**. The entire Motion is without merit, and the meaningless quoted sections of 11 USC in the Motion are completely fabricated out of opinion not facts. The Order dated **July 16, 2021,** is in violation of several Sections and Rules of the Bankruptcy Code and no Notice of a hearing was ever given.

58. Section 101(15), of 11 USC Code, defines the term **"entity,"** the person filing the Motion **has never been an entity,** or a legally appointed Chapter 7 trustee, in this case and has repeatedly committed fraud by declaring so on numerous occasions and is a disinterested person as defined by §101(14).

59. The balance of the quoted sections of 11 USC Code are all not applicable to this Motion, because the presenter of the Motion was never legally been appointed to anything in this case.

60. **The validity of all the Claims has never been adjudicated by a court to determine if they are in fact fraudulent as prohibited by 18 USC Code §§1`52, 157, 3571, and . 11 USC Code.**

61. Bankruptcy Rule 2003(a) specifically states that a §341(a) examination in this case **must be no earlier than March 27, 2018, and no later than April 14, 2018, this specific period of time has elapsed.**

62. On May 23, 2018, See Doc. 84, the inferior officer issued an Unconstitutional Order. An Order that he was prohibited from making by the H.R. No. 8200 and the Senate Report No. 95-989 under Section 102(A) of 11 USC Code. That

-17-

unconstitutional Order and all subsequent orders directly or indirectly associated with that Order were also unconstitutional, invalid and void. The inferior officer was not **an interested party** as defined by the Code of 11 USC and could not under 11 USC §§102, 1104(a), 1112 or BK Rules 2007 and 9014 issue the Constitutionally required Notice and Hearing by those sections.

63. In each of the following proceedings pursuant to 28 USC Code §157(c)(1) **non-core proceeding** requires, "that a bankruptcy judge shall submit proposed findings of fact and conclusions of law to the District Court, and **any final order or judgment shall be entered by the district judge**...after reviewing de novo those matters...." This requirement of 28 USC §157(c)(1) was never judicially taken to this date, therefore all rulings of the inferior officer since **June 1, 2018**, were error of law, illegal and nugatory, resulting in a miscarriage of justice and were in violation of the 5th and 14th Amendments of the United State Constitution.

64. An Order of July, 11 2018, a **non-core** Order to **Revoke a Living Trust** was in violation of 28 USC Code §§157(b)(1), and (c)(1), an Adversary proceeding FRBP 7001(7)(8)(9) or a FRBP Rule 9014 Contested Matter and was in violation with LBR 9013-1(a). It was also in violation of 11 USC §§102, 105, Rule 7004, and Rule 9006(d). This proceeding like the proceeding for disqualification was unquestionably a violation of this Statute created by the Congress of the United States and signed by the President. See Doc. 120, - 123, 131, 139, 147, 158, 163, 167, and 170.

65. An Order of August 22, 2018, a **non-core** Order for Conservator was in violation of 28 USC Code §§157(b)(1), and (c)(1), an adversary FRBP 7001(7)(8)(9) or a FRBP Rule 9014 Contested Matter and was in violation with LBR 9013-1(a). It was also in violation of 11 USC §§102, 105, Rule 7004, and Rule 9006(d). See Doc. 174, 175, 178, 193, 194, and 196.

-18-

66. An Order of August 30, 2018, a **non-core** Order for seeking an Order from the Superior Court was in violation of 28 USC Code §§157(b)(1), and (c)(1), an adversary FRBP 7001(7)(8)(9) or a FRBP Rule 9014 Contested Matter and was in violation with LBR 9013-1(a). It was also in violation of 11 USC §§102, 105, Rule 7004, and Rule 9006(d). See Doc. # 181, 183 -185, 191, 202, 223, and 227.

67. The inferior officer has violated the statutory provisions of 11 USC, §362(d) by granting a Motion for Relief to movant from the Automatic Stay on August 28, 2018. Doc. #181. The request **was not made by a party in interest** as required by §362(d), and is in violation of §§362(a)(3), 362(c)(1), 362(c)(3)(B), 362(c)(3)(C), 362(d)(1), 362(d)(2)(A)(B), and 362(g)(1). The request was made by a disinterested person in violation of 11 USC §101(14), and in violation of 11 USC §§105(a), 105(c). The Motion filed by an individual who has absolutely **no standing**, pursuant to the United States Constitution, Article III Section 2[1][2], the sole purpose is to defraud the estate, and interfere with the orderly administration of justice. An individual who has engaged in constant interference with the proceedings pursuant to 11 USC Code. This individual filed false claims in violation of 11 USC §§501(a), 502(a), 502(b)(1), and is in violation of 11 USC §541(a)(1), 558, 1107, 1111(a), and 1115(b).

68. An Order of September 14, 2018, for conversion of the case from chapter 11 to chapter 7 was in violation of 11 USC §§1112(a), 1112(b), 1112(c), 1112(d), 1112(e) 1112(f), 109, Rule 1019, LBR 1017-1. In addition, the mandatory forms F1017-1.1 or F1017-1.4 were never filed. See Doc. # 172, 173, 177, 192, 195, 198, and 190.

69. An Order of December 10, 2018, for clarifying previous employment order was in violation of 11 USC §348(e), because that section terminates the trustee. The

-19-

Order was also an Adversary proceeding FRBP 7001(7)(8)(9) or a FRBP Rule 9014 Contested Matter and was in violation with LBR 9013-1(a). It was also in violation of 11 USC §§102, 105, Rule 7004, and Rule 9006(d). See Doc. # 108, 109, 132, 150, 225, 226, 228, 230, 231 – 235, 237, and 238.

70. An Order of January 31, 2019, for Extending Time is in violation of the Federal Rules of Civil Procedure Rule 6(b), FRBP Rule 4004(b)(1), must be filed before expiration of date set by statute, and FRBP Rule 9006(b)(1). See Doc. # 239 – 241, 245, 248 – 252, 263 – 265, 268 – 270, 280, 281, 285 – 288, 295, 296, 299 – 301.

71. An Order of June 8, 2018, Granting Rule 2004 Examination of Debtor was in violation of Rule 2004 in that there existed no party of interest and no mandatory form F9013-1.1 Hearing Notice was filed in the Official Record. No mandatory form F9013-1.2 Notice of Motion for Order Without Hearing LBR 9013-1(p) or (q) was filed in the Official Record. The Order was in violation of LBR 2004-1 there was no conference to arrange for a mutually agreeable date, time, place, and scope of an examination. The motion **must** also explain why the examination cannot proceed under FRBP 7030 or 9014. The court did not rule without a hearing pursuant to LBR 9013-1(p). The Order was also a **void** Order because the Order stated that the trustee was a Chapter 7 trustee when the case was still a Chapter 11 Case. No one but the Debtor can convert the case except by the Debtor pursuant to the following 11 USC Code and Rules of Procedures. 11 USC §348, 11 USC §1112 et al, BK 1019(1), BK Rule 9013, LBR 1006 1(a). See Doc. # 97. 114, 116, 124, 164, 257, 258, 260, and 261.

72. The following list of Statutory violations of 11 USC Code, 18 USC Code, 28 USC Code, and 42 USC Code, occurred throughout the proceedings, as well as violations of Bankruptcy Rules promulgated by the United States Supreme Court.

-20-

| | |
|---|---|
| 11 USC §101 Definitions | 11 USC §101(5) Claims |
| 11 USC §101(5)(B) Breach | 11 USC §101(10) Creditors |
| 11 USC §101(14) Definitions | 11 USC 8102 Rules of Construction |
| 11 USC §102(1) Rules of Construction | 11 USC §102(1)(A)(B) Rules of |
| 11 USC §102(2) Claims | 11 USC §102(8) Rules of Construct. |
| 11 USC §102(9) Rules of Construction | 11 USC §103(a) Applicability |
| 11 USC §105 Power of Court | 11 USC §105(a) Power of Court |
| 11 USC §105(c) Power | 11 USC §105(d) Power |
| 11 USC §105(d) Power | 11 USC §105(d)(2) Power |
| 11 USC 8106 Sovereign | 11 USC 8106(a) Sovereign |
| 11 USC 8106(c) Sovereign | 11 USC 8108 Extension of Time |
| 11 USC §109 Debtor | 11 USC §109(a) Debtor |
| 11 USC §109(h) Debtor | 11 USC §109(h)(1) Debtor |
| 11 USC §109(h)(3) Debtor | 11 USC §301 Voluntary |
| 11 USC §301(a) Voluntary | 11 USC §301(a)(b) Voluntary |
| 11 USC §306 Appearance | 11 USC §307 U. S. Trustee |
| 11 USC §321 Trustee | 11 USC §322(a) Trustee |
| 11 USC §323(a) Trustee Role | 11 USC §326(a). Trustee |
| 11 USC §327 Employment | 11 USC §327(a) Employment |
| 11 USC §341 Convene | 11 USC §341(a) Convene, |
| 11 USC §341(b) Convene | 11 USC §341(c) Creditors |
| 11 USC §342 Notice | 11 USC §342(b) Notice |
| 11 USC §343 Examination | 11 USC §345 Money |
| 11 USC §348 Conversion | 11 USC §348(a) Conversion |
| 11 USC §348(d) Claim | 11 USC §348(e) Terminates |

1

2 | 11 USC §362 Stay | 11 USC §362(a) Stay

3 | 11 USC §362(a)(1) Stay | 11 USC §362(a)(2) Stay

4 | 11 USC §362(a)(3) Stay | 11 USC §362(a)(4)(5) Stay

5 | 11 USC §362(a)(6) Stay | 11 USC §362(a)(7)(8) Stay

6
7 | 11 USC §362(b) Stay | 11 USC §362(b)(1) Stay

8 | 11 USC §362(c) Stay | 11 USC §362(d) Stay

9 | 11 USC §362(d)(1)(2)(A)(B) Stay | 11 USC §362(d)(2) Stay

10 | 11 USC §362(e)(1) Stay | 11 USC §362(f) Stay

11 | 11 USC §362(g) Stay | 11 USC §362(h)(i) Stay

12 | 11 USC §362(j) Stay | 11 USC §501 Claims

13
14 | 11 USC §501(a) Claims | 11 USC §502(a) Claims

15 | 11 USC §502(b) Claims | 11 USC §502(b)(1) Claims

16 | 11 USC §502(b)(2) Claims | 11 USC §502(b)(5) Claims

17 | 11 USC §502(c)(2) Claims | 11 USC §502(e)(2) Claims

18 | 11 USC §541(a) Estate | 11 USC §542 Turnover

19 | 11 USC §558 Defenses | 11 USC §1100 Definitions

20 | 11 USC §1101 Definitions | 11 USC §1101(a) Definitions

21 | 11 USC §1104 Appointment | 11 USC 1104(a) Appointment

22 | 11 USC 1104(a)(1) Appointment | 11 USC 1104(a)(1)(2) Appointment

23 | 11 USC §1104(c) Trustee | 11 USC §1104(e) Appointment

24
25 | 11 USC §1105 Termination | 11 USC §1106 Trustee

26 | 11 USC §1106(a) Trustee | 11 USC §1106(a)(1) Trustee

27

28

| | |
|---|---|
| 11 USC §1106(a)(2) Trustee | 11 USC §1106(1)-(8) Trustee |
| 11 USC §1107(a) Debtors Rights | 11 USC §1111 Claims |
| 11 USC §1111(a) Claims | 11 USC §1111(b) Claims |
| 11 USC §1111(b)(2) Claims | 11 USC §1112 Conversion |
| 11 USC §1112(a) Conversion | 11 USC §1112(b Conversion |
| 11 USC §1112(b)(1) Conversion | 11 USC §1112(b)(2) Conversion |
| 11 USC §1112(b)(1)(2)(A)(B)(i)(ii) | 11 USC §1112(b)(3) Conversion |
| 11 USC §1112(c) Conversion | 11 USC §1112(d) Conversion |
| 11 USC §1112(e) Conversion | 11 USC §1112(f) Conversion |
| 11 USC §1115(a) Property | 11 USC §1121 Plan |
| 11 USC §1121(a) Plan | 11 USC §1121(c) Plan |
| 11 USC §1121(d) Plan | 11 USC §1121(e) Plan |
| 11 USC §1122 Claims Plan | 11 USC §1122(b)(1) Claims Plan |
| 11 USC §1122(a) Claims Plan | 11 USC §1123 Plan |
| 11 USC §1123(a) Plan | 11 USC §1123(a)(1) Plan |
| 11 USC §1123(a)(4) Plan | 11 USC §1123(a)(5) Plan |
| 11 USC §1124 Claims Plan | 11 USC §1126 Plan |
| 11 USC §1126(a) Plan | 11 USC §1126(b) Plan |
| 11 USC §1322(b)(1) Plan | 18 USC §152 Concealment |
| 18 USC §153(a) Embezzlement | 18 USC §153(b) Embezzlement |
| 18 USC §157 Fraud | 18 USC §501 Fraud |
| 18 USC §1519 Obstruction | 18 USC §3571 Fraud |
| 28 USC §151 Bankruptcy | 28 USC §152 Judge |

-23-

28 USC §152(a)(1) Judge

28 USC §152(e) Judge

28 USC §157 Procedures

28 USC §157(a) Procedures

28 USC §157(b) Core

28 USC §157(b)(1) Core

28 USC §157(b)(2) Core

28 USC §157(b)(3) Core

28 USC §157(b)(4) Non-Core

28 USC §157(c)(1) Core

28 USC §157(d) Withdraw

28 USC §158 Appeals

28 USC §158(a) Courts

28 USC §158(b)(2)(A) Judges

28 USC §158(d) Judges

28 USC §296 Powers

28 USC §455 Disqualification

28 USC §455(a)(b) Disqualification

28 USC §455(b) Disqualification

28 USC §581 U.S. Trustee

28 USC §582 U.S. Trustee

28 USC §583 U.S. Trustee

28 USC §586 Trustee

28 USC § 586(a) Duties

28 USC § 586(a)(F) Duties

28 USC §1334 Bankruptcy

28 USC §1334(a) Bankruptcy

28 USC §1334(c)(2) Bankruptcy

28 USC §1631 Transfer

28 USC §1654 Act Personally

28 USC § 1746 Declaration

28 USC §2071 Rule

28 USC §2075 Bankruptcy Rules

42 USC §1983 Tort

BK Rule 1001 Scope

BK Rule 1002(a) Case

BK Rule 1007(a)(1) Equity

BK Rule 1007(a)(3) Equity

BK Rule 1007(b)(5) Debtor

BK Rule 1009(a) Petition

BK Rule 1017 Dismissal

BK Rule 1017(d) Suspension

BK Rule 1017(f)(1) Conversion

BK Rule 1019 Conversion

BK Rule 1019(1) Conversion

BK Rule 1019(3) Conversion

-24-

1

2   BK Rule 2002 Notices                    BK Rule 2002(f) Notices

3   BK Rule 2003 Meeting                    BK Rule 2003(a) Meeting

4   BK Rule 2003(b)(1) Meeting              BK Rule 2003(b)(3) Creditors

5   BK Rule 2004 Examination                BK Rule 2004(a) Examination

6   BK Rule 2010(a) Trustee                 BK Rule 2010(b) Trustee

7   BK Rule 2013(a) Trustee                 BK Rule 2014(a) Professional

8
    BK Rule 2015(a)(5) Records              BK Rule 2019(a) Creditors
9
    BK Rule 2020 Acts of U.S. Trustee       BK Rule 3001(a) Claims
10

11  BK Rule 3002(a) Claims                  BK Rule 3002(c) Claims

12  BK Rule 3002(c)(2) Claims               BK Rule 3002(c)(3) Claims

13  BK Rule 3002(c)(4) Claims               BK Rule 3002(c)(6) Claims

14  BK Rule 3002.1 Claims                   BK Rule 3003 Claims Disputed

15
    BK Rule 3003(a) Claims Disputed         BK Rule 3004 Claims
16
    BK Rule 3005 Claims                     BK Rule 3005(a) Claims
17

18  BK Rule 3005(c)(1) Claims               BK Rule 3006 Claims

19  BK Rule 3007 Claims                     BK Rule 3007(a) Claims Objecting

20  BK Rule 3007(b) Claims                  BK Rule 3008 Claims

21
    BK Rule 3016 Plan, Disclosure           BK Rule 3016(a) Plan
22

23  BK Rule 3016(b) Plan                    BK Rule 3016(d) Plan

24  BK Rule 3017(a) Disclosure              BK Rule 3017.1 Plan

25  BK Rule 3018(a) Plan                    BK Rule 3019(a) Plan

26  BK Rule 3020(a) Plan                    BK Rule 3020(b)(1) Plan

27                                          -25-

28

| | |
|---|---|
| BK Rule 4001 Relief Stay | BK Rule 4001(a) Stay |
| BK Rule 4001(a)(1) Dismissal | BK Rule 4002(a) Duties Debtor |
| BK Rule 4004(a) Discharge | BK Rule 4004(b)(1) Time |
| BK Rule 4004(b)(1) Time | BK Rule 4004(b)(1) Discharge |
| BK Rule 4005(a) Burden | BK Rule 4007(a) Debt |
| BK Rule 5002(a) Approval | BK Rule 5002(b) Appointment |
| BK Rule 5004(a) Disqualification | BK Rule 5004(a)(b) Disqualification |
| BK Rule 50011(a)(1) Abstention | BK Rule 6009 Prosecution, Defense |
| BK Rule 7001 Adversary | BK Rule 7001(1) Adversary |
| BK Rule 7002 Rules | BK Rule 7003 Adversary |
| BK Rule 7004 Service | BK Rule 7004(a)(1) Service |
| BK Rule 7004(a)(2) Service | BK Rule 7005 Service |
| BK Rule 7007 Service | BK Rule 7008 Service |
| BK Rule 7012 Defense | BK Rule 7017 Parties |
| BK Rule 7023.1 Derivative | BK Rule 7024 Intervention |
| BK Rule 7041 Adversary | BK Rule 7052 Findings |
| BK Rule 7062 Stay | BK Rule 7064 Seizure |
| BK Rule 7065 Injunction | BK Rule 8001(a) Scope |
| BK Rule 8002(a) Appeal | BK Rule 8003(a) Appeals |

1

2  BK Rule 8004(a) Appeals          BK Rule 8006(a) Certifying

3  BK Rule 8007(a) Stay             BK Rule 8009(a) Record

4
   BK Rule 8011(a) Filing           BK Rule 8013(a) Motions
5

6  BK Rule 8022(a) Motion           BK Rule 8025(a) Stay

7  BK Rule 9001 Definitions         BK Rule 9002 Words
8
9  BK Rule 9002(1) Words            BK Rule 9003(a) Ex Parte

10 BK Rule 9004(a) Forms            BK Rule 9006(a) Time

11
   BK Rule 9009 Forms               BK Rule 9010 Act Personally
12

13 BK Rule 9010(a) Act Personally   BK Rule 9011(a) Petition

14 BK Rule 9013 Motions             BK Rule 9014 Contested
15
   BK Rule 9014(a) Contested        BK Rule 9014(a)(b)(c) Contested
16

17 BK Rule 9014(b) Contested        BK Rule 9014(a)(b)(c) Contested

18 BK Rule 9017 Evidence            BK Rule 9020 Contempt
19
20 BK Rule 9024 Relief              BK Rule 9029 Local Rules

21 BK Rule 9033 Review              BK Rule 9033(a) Review

22
   BK Rule 9037 Privacy             LBR 1001-1(a) Scope
23

24 LBR 1001-1(b) Construction       LBR 1001-1(c) Act Personally

25 LBR 1001-1(e) Rules              LBR-1001 2(a) Rules

26 LBR 1001-2(b) Rules              LBR 1006-1(a) Conversion
   LBR 1006-1(a)(3) Petition        LBR 1017-1 Conversion
27
                        -27-
28

| | |
|---|---|
| **LBR 1017-1(a) Conversion** | **LBR 1017-1(a)(3) Conversion** |
| **LBR 2004-1(a) Motions** | **LBR 2004-1(b) Motions** |
| **LBR 2004-1(c) Motions** | **LBR 3003-1 Bar Date** |
| **LBR 3007-1 Contested** | **LBR 3007-1(a)(1) Contested** |
| **LBR 3007-1(a)(3) Contested** | **LBR 4001-1(a) Relief** |
| **LBR 4002-1 Debtor** | **LBR 5011-1 Withdrawal** |
| **LBR 5075-1 Motions** | **LBR 7003-1 Adversary** |
| **LBR 7008-1 Core** | **LBR 7041-1 Discovery** |
| **LBR 7052-1(a) Findings** | **LBR 7064-1 Seizure** |
| **LBR 7069-1 U. S. Marshal** | **LBR 9001-1 Definitions** |
| **LBR 9013-1 Contested** | **LBR 9013-3 Applicability** |

There are numerous violations of the following Codes: Federal Rules of Civil Procedure, Federal Rules of Evidence, California Rules of Civil Procedure, California Rules of Evidence Code, and the California Penal Code.

Date: July 23, 2021

Jack R. Finnegan

-28-

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

### PROOF OF DEPOSIT

I, JACK R. FINNEGAN, declare:

On July 23, 2021, I filed with the Clerk of the Court, a copy of Motion for Withdrawal, 28 USC 157(d), Memorandum and Points of Authorities, by personal delivery to Clerk of the District Court, 411 W. Fourth Street, Santa Ana, CA 92701.

United States Trustee Regional Headquarters, 913 Wilshire Blvd., #1850, Los Angeles CA 90012

I declare under penalty of perjury under the laws of the United State that the foregoing is true and correct.

Jack R. Finnegan,
871 Avenida Acapulco
San Clemente, CA 92672