UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.  **SACV 21-1248 MWF**                                      Date:  August 26, 2021

Title     **In Re Jack Richard Finnegan, Debtor**

Present: The Honorable:     MICHAEL W. FITZGERALD, United States District Judge

|  Rita Sanchez  |  Not Reported  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:
            Not Present                                                   Not Present

**Proceedings:**      **(IN CHAMBERS) ORDER DISMISSING ACTION**

    Debtor/Movant Jack Richard Finnegan filed a Motion for Withdrawal of Reference (the "Motion") on July 23, 2021.  (Docket No. 1).  On July 28, 2021, Mr. Finnegan filed a Motion 28 USC § 144 Affidavit, 28 USC § 455 Disqualification for Cause Shown, Affidavit Memorandum of Points and Authorities, Certification of Jack R. Finnegan (the "Disqualification Motion").  (Docket No. 6).  The Disqualification Motion was denied on August 4, 2021 (Docket No. 8), and Mr. Finnegan filed a Notice of Appeal on August 13, 2021 of the Order Denying the Disqualification Motion.  (Docket No. 10).

    The Court filed an Order to Show Cause (the "OSC") on July 30, 2021. (Docket No. 5).  That OSC required Mr. Finnegan to do three things no later than August 20, 2021:

- Pay the required $150.00 filing fee or filing of a Request to Proceed In Forma Pauperis with Declaration in Support for the Court's consideration.
- File Proof of Service of the Motion.
- File a Certificate of Interested Parties.

    Mr. Finnegan has attempted to file an Answer and Compulsory Counterclaims, and Objections to Plaintiff's Reply's [sic] of August 12, 2021 to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **SACV 21-1248 MWF**                                          Date:  August 26, 2021

Title      **In Re Jack Richard Finnegan, Debtor**

Defendant Jack R. Finnegan's Motion to Dismiss Complaint.  These attempted filings were rejected by the Court; the rejections also contained notice that they were not responsive to the Court's OSC.  (Docket Nos. 12 and 14).

It is well-established that a district court has authority to dismiss a plaintiff's action due to his failure to prosecute and/or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for failure to comply with the Court's Order to Show Cause is warranted.  Accordingly, this action is **DISMISSED** *without prejudice*.

IT IS SO ORDERED.

Initials of Preparer:  RS/sjm